**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| HUMAN RIGHTS DEFENSE CENTER,<br><br>*Plaintiff,*<br><br>v.<br><br>GRAYSON COUNTY, TEXAS; TOM WATT, in his individual capacity; and WILLIAM A. BENNIE, in his official capacity as Sheriff of Grayson County,<br><br>*Defendants.* | CIVIL ACTION NO. 4:24-cv-00828-ALM |

**<u>STIPULATED ORDER FOR PERMANENT INJUNCTION</u>**

1. On September 12, 2024, Plaintiff Human Rights Defense Center ("HRDC") filed suit in the above-captioned matter, seeking injunctive and declaratory relief, damages, and attorney's fees and costs. Plaintiff's complaint alleges unlawful and unconstitutional policies and practices regarding the delivery of incoming publications and correspondence to inmates at Grayson County Jail in violation of the First and Fourteenth Amendments to the United States Constitution.

2. Specifically, Plaintiff's Complaint alleges that Defendants have rejected Plaintiff's publications pursuant to a mail policy that bans incoming books and staple-bound publications.

3. On October 30, 2024, Plaintiff filed an application for a preliminary injunction ordering Defendants to stop enforcing their policies and practices preventing Plaintiff's publications from reaching inmates in Grayson County Jail, and to provide Plaintiff with due

process—including notice and opportunity to be heard—when making any future censorship decisions related to Plaintiff's mailings.

4. On November 8, 2024, Defendants filed an answer denying the allegations in Plaintiff's complaint and raising various affirmative defenses.

5. The Court heard argument on Plaintiff's application for preliminary injunction on January 27, 2025.

6. On January 31, 2025, following the hearing, Defendants filed a supplement to their response to Plaintiff's application for preliminary injunction. In that supplement, Defendant Grayson County stated that:

> Defendant Grayson County is hereby advising the Court and Plaintiff that Grayson County jail will adjust its procedures and policies to comply with the following.
>
> (1) Allow any HRDC publication sent to the county jail to be delivered to the intended inmate, said delivery subject only to policy and procedures related to content bans. (Jail staff will remove staples.)
>
> (2) Provide HRDC notice and reasons for any rejection or denial.
>
> (3) Provide an appeal period of 30 calendar days for an appeal.
>
> (4) Provide HRDC an opportunity to examine materials relied upon in making the rejection.
>
> (5) Provide HRDC a written explanation to any appeal within 10 business days of that decision.

7. ACCORDINGLY, the COURT HEREBY ORDERS, ADJUDGES, AND DECREES that: neither the Defendants, nor their agents, may withhold any book, magazine, other publication, or correspondence (including, but not limited to, letters and informational brochures) sent by HRDC to an inmate in the Grayson County Jail from the date of this Order, subject only to the following:

a. Any publication or correspondence sent by HRDC to the jail address as directed by the jail shall be delivered within two (2) business days of receipt by the jail or jail's agent to its intended recipient, subject only to content-based rejections; and

b. If Defendants have withheld a publication sent by HRDC from its intended recipient, HRDC must be provided with:

i. notice of Defendants' decision to withhold that publication;

ii. an explanation for Defendants' decision to withhold that publication;

iii. an opportunity to examine any evidence Defendants relied on in making that decision;

iv. the opportunity to appeal to a person not involved in the initial review, such as the jail administration or designee, in writing, with a deadline no sooner than 30 calendar days following the date HRDC receives notification of Defendants' decision; and

v. a written explanation for the reviewing party's ruling on HRDC's appeal, within 10 business days after receipt of HRDC's written appeal.

8. The COURT FUTHER ORDERS, ADJUDGES, AND DECREES that HRDC shall contact the jail administration in the event of issues or concerns regarding the operation of the jail policy or procedures related to inmate correspondence or mail or any alleged violation of this order to allow the parties to resolve the matter without court intervention. The participants shall exchange information and positions and attempt to resolve the matter, in a timely manner, consistent with the general "meet and confer" requirements of this Court in an attempt to resolve their differing views before coming to court.

9. The Court finds that the relief herein ordered is narrowly drawn, extends no further than necessary to correct the harm asserted by Plaintiff, and is the least intrusive means necessary for correction. The court finds that this is not an action related to prison or jail conditions and is not subject to the Prison Litigation Reform Act.

10. The Parties agree that the public interest is served by the entry of this injunction, which protects the constitutional rights of publishers and other persons who correspond with inmates by mail, and the rights of inmates to send and receive mail.

11. The Court retains jurisdiction of this matter for enforcement of this injunction.

In conclusion, it is hereby ORDERED that the Joint Motion for Entry of Stipulated Permanent Injunction (Dkt. #30) is hereby GRANTED.

Further, it is ORDERED that Plaintiff's Application for a Preliminary Injunction (Dkt. #11) is hereby DENIED as moot.

**IT IS SO ORDERED.**

**SIGNED this 13th day of March, 2025.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE